United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEON TONY PARKER, JR., | § | |
| TDCJ–CID #01940151, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-26-4269 |
| | § | |
| MONTGOMERY COUNTY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil complaint under 42 U.S.C.§ 1983 against Montgomery County. Plaintiff was convicted of felony burglary of a habitation in Montgomery County in 2014 and sentenced to a sixty-five-year term of imprisonment as a habitual offender.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Plaintiff alleges that he was arrested in Montgomery County in 2013 for felony burglary of a habitation. He appeared before a county magistrate the next day pursuant to Texas Code of Criminal Procedure article 15.17(a), and bail was set at that time. Plaintiff states that he was not appointed counsel for purposes of the hearing itself. He was subsequently convicted of the burglary offense and sentenced to prison where he is currently serving his sentence.

Plaintiff alleges in his complaint that in February 2026, he read the federal district court magistrate judge's decision in *Booth v. Galveston County*, 352 F. Supp.3d 718 (S.D. Tex. Jan. 10, 2019) (stating that an initial bail hearing should be considered a critical stage of trial), and realized that he had been entitled to counsel in 2013 for purposes of the article 15.17(a) hearing. He seeks a declaratory judgment that his Sixth Amendment right to counsel was denied at the hearing in 2013 and requests compensatory and punitive damages. He does not challenge the underlying burglary conviction itself.

## II. ANALYSIS

Contrary to plaintiff's argument, he was not entitled to the appointment of counsel under the Sixth Amendment to represent him during the initial article 15.17(a) hearing in 2013. In 2008 the Supreme Court of the United States held that the right to appointment of counsel formally attaches at a defendant's initial appearance before a judicial officer. *Rothgery v. Gillespie County*, 554 U.S. 191 (208). "After attachment occurs, a defendant is entitled to the presence of appointed counsel during any critical stage of the post-attachment proceedings." *United States v. Portillo*, 969 F.3d 144, 161 (5th Cir. 2020) (internal quotation marks omitted).

That the right to counsel attaches at an initial hearing does not mean that a defendant is constitutionally entitled to be represented by appointed counsel *during* the initial hearing. Rather, *Rothgery* requires that counsel be appointed for eligible defendants within a reasonable time thereafter, and that counsel be appointed for all critical stages of the

prosecution. Neither in *Rothgery* nor in any case to-date has the Supreme Court or the United States Court of Appeals for the Fifth Circuit held that an initial bail hearing is a critical stage of a criminal prosecution requiring appointment of and representation by counsel under the Sixth Amendment.

Plaintiff argues that the district court magistrate judge held in *Booth* in 2019 that a defendant's initial bail hearing is a critical stage requiring presence of counsel. Plaintiff's reliance on *Booth* is misplaced. Although the magistrate judge in that decision held that an initial bail hearing in Galveston County should be considered a critical stage of the prosecution requiring appointment of counsel, the decision was made in context of injunctive relief in a putative class action limited to Galveston County prosecutions. *Booth* had no retroactive application to section 15.17(a) bond hearings held in 2013. Moreover, the injunctive relief decision was appealed to the Fifth Circuit Court of Appeals where the appeal was dismissed at appellants' request following dismissal of the underlying district court case as moot. *Booth v. Galveston County*, No. 19-40785 (5th Cir. Sept. 27, 2023). Consequently, *Booth* is not binding precedent in the instant case, and the question of whether initial bail hearings are critical stages of a prosecution requiring appointment of counsel under the Sixth Amendment remains unsettled.

Thus, plaintiff does not show that his federal Sixth Amendment rights were violated when he was not provided counsel to represent him for purposes of his article 15.17(a) hearing in 2013, and no viable claim is raised under section 1983. Plaintiff's claims must be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.[1]

## III. CONCLUSION

For the above reasons, plaintiff's claims against Montgomery County are **DISMISSED WITH PREJUDICE** for failure to state a claim under 42 U.S.C. § 1983. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915 (g). Plaintiff is **WARNED** that should he acquire a total of three strikes, he will be permanently barred from proceeding *in forma pauperis* in federal district or appellate courts while incarcerated or detained unless he demonstrates he is under imminent danger of serious physical injury.

The Court prospectively certifies that any appeal of this *Memorandum Opinion and Order* by plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court relies on the analysis and rulings set forth hereinabove. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997). The Court concludes that any appeal of this *Memorandum Opinion and Order* by plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk

---

[1]Because plaintiff did not raise a colorable Sixth Amendment claim, the Court will not address whether Montgomery County was a proper defendant under § 1983 or whether his claims are barred by limitations.

of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

Signed at Houston, Texas, on this the 5th day of November, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE